Filed 6/30/26  Sedaghat v. Wernick CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| S. DAVID SEDAGHAT,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>JONATHAN J. WERNICK,<br><br>Defendant and Respondent. | B348985<br><br>(Los Angeles County<br>Super. Ct. No. 23STCV26363) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Colin P. Leis, Judge. Affirmed.

S. David Sedaghat, in pro. per., for Plaintiff and Appellant.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, Mark J. Rosenbaum and Elsa Horowitz for Defendant and Respondent.

_____

Plaintiff S. David Sedaghat appeals from a judgment of dismissal after demurrer. For the reasons set forth below, we affirm.

**PROCEDURAL AND FACTUAL BACKGROUND**

Sedaghat filed a complaint against Defendant Jonathan J. Wernick and other defendants in October 2023. His three-page complaint contained three causes of action: fraud; conspiracy; and violation of the Uniform Fraudulent Transfer Act (UFTA), Civil Code section 3439 et seq. His factual allegations read in their entirety as follows: "Defendants at same or different time intervals entered [into] an agreement [t]o defraud their coeditors [*sic*] and those that may have a claim of elder abuse or wrongful death against [Defendants] SAVA Senior Care and Tarzana Health and Rehab, to conceal avoid and defraud the litigants and claimants of their ability to collect judgement or otherwise pursue court action, by means of '[Defendant] SSCTOC (Assignment For The Benefit of Creditors) LLC'. (Attached)." He appended a "Notice of Assignment for the Benefit of Creditors and Deadline for Submitting Claims" to the complaint. Wernick is the signatory on that document, which sets forth his position as manager of SSCTOC.[1]

Wernick filed a demurrer to all causes of action in October 2024 on the grounds each claim failed to state facts sufficient to state a cause of action, was incomprehensible, and uncertain. Sedaghat filed a three-page opposition.

The hearing was held in June 2025 without a court reporter.

---

[1] It is not clear from the parties' briefs or the record what the acronym "SSCTOC" stands for.

2

The trial court sustained the demurrer without leave to amend. First, the court determined the elements of fraud were not pleaded, let alone pleaded with particularity. Second, the conspiracy claim was not an independent cause of action and was instead dependent on the fraud claim. Finally, only one element of a cause of action for fraudulent transfer had been alleged. Accordingly, the court sustained the demurrer as to all three causes of action.

Regarding leave to amend, the trial court noted in the minute order: "Leave to amend should be liberally granted where a plaintiff shows a reasonable possibility of amendment. [Citation.] [Sedaghat] states that each cause of action can be amended but provides no facts or allegations that support the contention that the complaint can be amended to state a cause of action. Therefore, the Court sustains the demurrer without leave to amend."

On July 30, 2025, the trial court entered a judgment of dismissal after demurrer dismissing Wernick with prejudice, for the reasons specified in the June 2025 minute order.

Sedaghat filed a timely notice of appeal from the judgment.

## DISCUSSION

### I.  Standard of Review

"[O]n appeal from an order sustaining a demurrer without leave to amend, we assume the truth of all properly pleaded and reasonably implied allegations. . . . Because a demurrer tests the legal sufficiency of a pleading, our review is de novo." (*Musso & Frank Grill Co., Inc. v. Mitsui Sumitomo Ins. USA Inc.* (2022) 77 Cal.App.5th 753, 756, citations omitted.)

When a demurrer is sustained without leave to amend, "we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has

3

abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Plaintiff has the burden to show a reasonable possibility the complaint can be amended to state a cause of action. (*Ibid.*) "Plaintiff must show in what manner he can amend his complaint and how that amendment will change the legal effect of his pleading." (*Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349.)

A ruling sustaining a demurrer without leave to amend is subject to appeal even if no request to amend was made in the trial court. (Code Civ. Proc., § 472c.)

## II. The Trial Court Did Not Err in Sustaining the Demurrer Without Leave to Amend

Sedaghat's sole argument on appeal[2] is that the trial court abused its discretion in sustaining the demurrer without leave to amend because the original complaint is "clearly capable of amendment." Sedaghat argues the trial court "failed to indicate any legal reasoning as to why the complaint is incapable of being amended," citing Code of Civil Procedure section 472d.

This argument misunderstands Sedaghat's burden. Code of Civil Procedure section 472d provides that whenever a demurrer

---

[2]     Sedaghat claims to incorporate by reference arguments raised in his opening brief in "related case B346529, on file with this court." However, that appeal has not been related to this one, and in fact, it was dismissed for failure to file a timely opening brief. Sedaghat's motion to reinstate his appeal submitted concurrently with an opening brief was denied, as was his petition for rehearing. Accordingly, as no opening brief was ever accepted for filing in that case, we cannot and do not consider any arguments made therein. (Cf. Cal. Rules of Court, rule 8.200(a)(5).)

4

is sustained, "the court shall include in its decision or order a statement of the specific ground or grounds upon which the decision or order is based." The trial court here provided its reasoning that the three causes of action failed to state a claim. With respect to leave to amend, the court further stated Sedaghat had not provided any "facts or allegations that support the contention that the complaint can be amended to state a cause of action."[3]

The trial court's reasoning is supported by the record. Nowhere in his opposition to the demurrer in the trial court, or in any of his briefs on appeal, has Sedaghat set forth specific facts or allegations he could add to his complaint to state a valid cause of action. In his opposition to the demurrer in the trial court, on the subject of leave to amend, Sedaghat merely argued "[t]he complaint properly states a cause of action against defendant Jonathan Wernick and if it does not, the complaint may be amended." This conclusory statement, accompanied by no citation to any legal authority, did not seriously contend with the defects in the complaint as argued in the demurrer and did not provide any new facts or allegations that Sedaghat claimed he could add to state any of his causes of action.

On appeal, Sedaghat argues Wernick was the manager of SSCTOC, and the complaint can be further amended to directly connect Wernick with the "allegation of the complaint, that he

---

[3]     The minute order is the official record of proceedings. (See Gov. Code, § 69844; *Copley Press, Inc. v. Superior Court* (1992) 6 Cal.App.4th 106, 113.) We therefore reject Sedaghat's citation to his own declaration purporting to quote the trial court as saying, "I will enter in the record that you refused any amendment."

know [*sic*] of the Fraudulent intent when the ABC [or SSCTOC] was formed and voluntarily enter [*sic*] [into] the fraudulent agreement to aid and abet the conspiracy and the fraudulent transfer scheme, and that Wernick knew there was no intent to sell any assets and that the assets had no value." Those new allegations would not save any of Sedaghat's causes of action.

At most, they amount to conclusory allegations of knowledge and intent, which are not alone sufficient to state a cause of action for fraud. Fraud allegations must be pleaded with particularity. "General and conclusory allegations are inadequate. . . . '[B]ecause allegations of fraud involve a serious attack on character, fairness requires that the defendant receive the fullest possible details of the charge to prepare a defense.' . . . ' " 'This particularity requirement necessitates pleading *facts* which "show how, when, where, to whom, and by what means the representations were tendered." ' " ' " (*Lauckhart v. El Macero Homeowners Assn.* (2023) 92 Cal.App.5th 889, 903–904, citations omitted; see also *id.* at p. 903 [setting forth elements for intentional misrepresentation claim to be pled with particularity]; *Rattagan v. Uber Technologies, Inc.* (2024) 17 Cal.5th 1, 43–44 [setting forth elements of fraudulent concealment claim to be pled with particularity].)

As to the conspiracy cause of action, civil conspiracy is not an independent tort. " 'Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort.' " (*Favila v. Katten Muchin Rosenman LLP* (2010) 188 Cal.App.4th 189, 206.) Because no valid tort claim, such as fraud, was adequately pled, the conspiracy cause of action necessarily fails.

To bring a cause of action for violation of the UFTA, a plaintiff must plead that a transfer was made or obligation

incurred by a debtor, with actual intent to hinder, delay, or defraud any creditor, without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either was engaged or about to engage in a business or transaction for which the remaining assets of the debtor were unreasonably small, or was about to incur debts beyond the debtor's ability to pay as they became due. (Civ. Code, § 3439.04, subd. (a)(1)–(2).) Sedaghat's new allegations fail to state a cause of action for violation of the UFTA for much the same reasons they fail to state a cause of action for fraud.

Neither in the trial court, nor in the Court of Appeal, has Sedaghat confronted the required elements of any of his purported causes of action, nor attempted to set forth the specific facts that could establish each one of these elements. Instead, he has repeated his conclusory statements, providing ample support for the trial court's finding that he had not set forth in what way he could amend his complaint to resolve its patent inadequacies.

This failure is fatal to his appeal. It is not the trial court's burden to prove a complaint cannot be amended, it is the plaintiff's burden to show it can be, and specifically, in what way. " 'Abuse of discretion is not shown where it is not indicated as to the manner in which it is proposed to amend nor the nature of the proposed amendment.' " (*Filice v. Boccardo* (1962) 210 Cal.App.2d 843, 847.) Where, as here, the plaintiff has not indicated how he would amend the complaint either in the trial court or on appeal, there is no abuse of discretion in refusing leave to amend. (*Ibid.*; see also *Hilton v. Board of Supervisors* (1970) 7 Cal.App.3d 708, 716.)

Sedaghat also argues additional pending discovery "clearly point[s] to further factual support" of the allegedly fraudulent nature of the assignment for the benefit of creditors. However,

7

the discovery cited was propounded to a different defendant, and the record citation is to a motion to compel discovery filed only after the hearing on the demurrer. " ' " ' "[A]n appeal reviews the correctness of [an order] as of the time of its rendition, upon a record of matters which were before the trial court for its consideration." ' " ' " (*People v. Ashford University, LLC* (2024) 100 Cal.App.5th 485, 504, first brackets added.)

Even if the discovery motion could point to new allegations for an amended complaint, Sedaghat's cursory argument does not provide any specific allegations meeting the requirements for fraud, conspiracy, or fraudulent transfer, as explained above.

Sedaghat's remaining arguments (e.g., the trial court was biased or improperly related this case to another) amount to mere conclusions without citations to caselaw or the record. They are forfeited. Appellate briefs must provide argument with legal and factual authority for the positions taken. (*California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2014) 232 Cal.App.4th 543, 550, fn. 7.) " ' " 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " "We are not bound to develop appellants' arguments for them." ' " (*Ibid.*)[4]

---

[4]    Nonetheless, "[a] trial court's rulings against a party, even if erroneous, do not, by themselves, support a charge of bias." (*Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 952.)

## DISPOSITION

The judgment dated July 30, 2025 is affirmed. Wernick is awarded his costs on appeal.


RICHARDSON, J.

WE CONCUR:


CHAVEZ, Acting P. J.


GOORVITCH, J.